## CLARK *against* BAIRD.

*Opinions of witnesses, as to value; fraudulent representations; adverse possession.*

THE opinions of witnesses acquainted with real estate, the value of which is in dispute, are competent upon the question of such value.

An action on the case may be maintained by the purchaser of lands, against the seller, for fraudulently representing the boundaries of the lands.

In such action a charge to the jury, containing the

following propositions, is not objectionable: That the intent to defraud need not be established by direct proof, but might be made out by circumstantial or presumptive evidence; that if the seller knew that he had no title to a portion of the lands sold, and wilfully suppressed that fact, he was guilty of fraud; that if he was persuaded in his own mind that the representations as to the boundary were contrary to the fact, he was bound to disclose such suspicions; that known monuments described in a deed, control other monuments pointed out on actual location, if those in the deed cannot be reconciled with those pointed out.

Where a grantor, at the time of the execution of a deed, put the purchaser in possession, and pointed out the boundaries, and the purchaser and those holding under him occupied the premises according to such boundaries, with the consent and approbation of the grantor and those claiming under him, for a series of years, but less than the period required by statute to bar a right of entry, and it appeared clearly that the boundaries so pointed out included lands not embraced in the deed: *Held*, that those circumstances gave to the occupant no title to the lands not covered by the deed.

Twenty-five years' occupancy, is required to bar a right of entry, where the adverse possession commenced prior to the adoption of the Revised Statutes.

(S. C., 7 Barb. 64; 9 N. Y. 183.)